IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ARTURO PEREZ FLORES | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:15-cv-00198 |
| | § | |
| STATE FARM LLOYDS | § | |

**JOINT REPORT REQUIRED BY FED.R.CIV.P. 26(f)**
**AND JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)**

**Preliminary Matters**

1. **List cases pending in this, or any other district, with their cause number and judicial district, which are related to this case.**

   None.

2. **Can and should this case be consolidated with those cases, if any?**

   N/A.

3. **What is the Plaintiff's allegation of federal jurisdiction?**

   Plaintiff has not made an allegation of federal jurisdiction.  Defendant State Farm Lloyds removed this case to Federal Court based upon diversity jurisdiction.  Arturo Perez Flores is a resident of the State of Texas and State Farm Lloyds consists of an association of underwriters who are citizens of the State of Illinois.

4. **Does/do the Defendant(s) agree or disagree with this allegation:**

   Defendant believes removal of this case was proper under the aforementioned facts.  Plaintiff does not dispute removal.

5. **Does either party anticipate the need to add additional parties?**

   The parties do not anticipate the need to join additional parties at this time.

6. **If so, list any additional parties and when they can be added.**

   None.

7. **List any anticipated interventions.**

The parties do not anticipate any interventions.

8. **Is/are there any issues in this case which may raise class allegations or class action issues?**

    The parties are not aware of any issues in this case that raise class action issues.

## Discovery

9. **The conference required by Fed.R.Civ.P. 26(f) was held on November 12, 2015**.

10. **Describe the proposed discovery plan agreed upon at the conference. Include the following:**

    a) **Do you suggest any changes to be made in the timing of the disclosures required by Fed.R.Civ.P.26(a)(1)?  If so, what are they?**

    The parties do not suggest any changes in the time of the disclosures set forth under the Federal Rules of Civil Procedure.

    b) **If they have not already been made, when will the required disclosure be made?**

    Plaintiff and Defendant will exchange their required disclosures on or before November 30, 2015.

    c) **Is there a need for an initial discovery phase in this litigation, and if so, on what issues is this discovery needed and when will it be completed?**

    The parties agree that an initial discovery phase is needed in this matter.  The parties anticipate that all discovery can be completed in this mater within the next 9 to 10 months.  The parties will need sufficient time to exchange written discovery, conduct discovery concerning certain third parties, and take the depositions of fact and expert witnesses.

    The parties have discussed, in general, the subject matters on which discovery may be needed and this would include issues pertaining to causation, damages, and interpretation of policy provisions.

    d) **When will interrogatories and requests for production be sent?**

    The parties agree to propound written discovery on or before December 15, 2015. Previous discovery propounded by Plaintiff in State Court has been withdrawn.

**e) List the names of all persons for whom disposition will be needed when these depositions will be taken?**

The depositions that will likely be taken by Plaintiff in this case include claim representative and/or representatives that inspected Plaintiff's property, a Team Manager for State Farm, any other witnesses identified by State Farm as well as expert witnesses, including but not limited to a contractor, engineer, and expert witness on claims handling and attorneys' fees designated by State Farm. The depositions that will likely be taken by Defendant in this case include the Plaintiff, any contractors who performed work at Plaintiff's property as well as any expert witnesses, including but not limited to a contractor, engineer, and an expert witness on claim handling and attorneys' fees designated by Plaintiff.

The parties anticipate that fact witness depositions will be conducted following the exchange of written discovery, an inspection of the subject property, and written discovery pertaining to third parties. The parties agree that fact witness depositions can be completed by May 29, 2016.

The parties anticipate that expert depositions will be conducted following the expert designations and expert disclosures required by Rule 26(a)(2). The parties agree that expert witness depositions can be completed by September 29, 2016.

**f) When will discovery be completed?**

The parties anticipate that all discovery can be completed in this matter by August 29, 2016.

**11. If the parties do not agree on any portion of the discovery plan, describe the separate views of proposals of each party.**

The parties do not currently have any disagreements regarding the discovery plan.

**12. Describe the possibilities of settlement or alternative dispute resolution which were discussed at the Rule 26(f) meeting.**

The parties have discussed these issues and settlement offers/demands may be made over the next 45 days. Additionally, mediation was discussed. Some discovery needs to be completed before the parties can mediate this case. The parties will make reasonable attempts to schedule mediation by agreement at least 90 days prior to any trial setting provided by this Court.

**13. State what has been done to bring about a prompt settlement.**

As noted above, the parties have discussed possibly making settlement offers/demands in the next 45 days. Additionally, the parties will make reasonable attempts to schedule mediation by agreement at least 90 days prior to any trial setting provided by this Court.

14. **Is this case suitable for Alternative Dispute Resolution (ADR)?  If so, what has been done to promote ADR?**

The parties have agreed that mediation is the most suitable form of alternative dispute resolution for this case. The parties will make reasonable attempts to schedule mediation by agreement at least 90 days prior to any trial setting provided by this Court.

15. **Will the parties consent to trial before a Magistrate Judge?**

The parties have not agreed to a trial before a Magistrate Judge in this case.

16. **Has a jury demand been made?  Is it timely?**

Defendant filed a Request for Jury Trial on September 11, 2015.  The request was made timely.

17. **In the event of a trial, how long will it take to try this case?**

The parties anticipate the length of trial to be 4 - 5 days.

### Additional Conference Items

18. **If there are any motions pending before the Court at this time, list them.**

There are currently no motions pending before the Court.

19. **Can any of these motions be ruled upon at the initial pretrial and scheduling conference?**

Not applicable.

20. **Are there any other matters peculiar to this case, including discovery, which deserve the special attention of the Court at the conference?**

The parties would request that the total number of oral and written depositions permitted to be taken by the parties in this matter under Federal Rules of Civil Procedure 30 and 31 be increased from 10 to 15 before leave of court is required pursuant to Rules 30(a)(2) and 31(a)(2).

The parties have also stipulated that it may be necessary to serve Requests for Admissions in this matter. However, the parties request that the number of Requests for Admissions to be served by each side not exceed fifteen (15) without prior written agreement between the parties or leave of court.

The parties anticipate that documents sought in this case may include confidential, proprietary, and/or trade secret information. The parties have discussed this issue generally and have agreed to confer regarding entry of a protective order concerning the production of such materials. The parties further agree to make reasonable attempts to negotiate and establish an agreement concerning the scope of, and procedure for production and review of such documents prior to filing a protective order with the Court.

The parties agree that document production may be in static image and/or a reasonably usable format consistent with the ordinary course of business in which such documents are maintained.

**21.    List the names, bar numbers, addresses, and telephone numbers of all counsel.**

| | |
|---|---|
| Bill L. Voss | Brian M. Chandler |
| SBN: 24047043 | SBN: 04091500 |
| Scott G. Hunziker | Federal Bar No. 7660 |
| SBN: 24032446 | Ronald P. Schramm |
| Tyler Bleau | SBN: 17810385 |
| SBN: 24080793 | Federal Bar No. 174875 |
| The Voss Law Firm, P.C. | Ramey, Chandler, Quinn & Zito, P.C. |
| 26619 Interstate 45 | 750 Bering Drive, Suite 600 |
| The Woodlands, Texas 77380 | Houston, Texas  77057 |
| Telephone: (713) 861-0015 | Telephone: (713) 266-0074 |
| Facsimile:  (713) 861-0021 | Facsimile: (713) 266-1064 |
| | |
| Counsel for Plaintiff | Attorney for Defendant |
| Arturo Perez Flores | State Farm State Farm Lloyds |
| | |
| /s/ Bill L. Voss | /s/ Brian M. Chandler |
| | |
| Date: November 13, 2015 | Date:  November 13, 2015 |